1   **Jennifer K. Grossman**
      **OSB # 041914**
2   jgrossman@kilmerlaw.com
      Kilmer Voorhees & Laurick, P.C.
3   732 NW 19th Avenue
      Portland, OR  97209
4   Telephone: (503) 224-0055
      Facsimile: (503) 222-5290

5

6   Attorney for Plaintiff Arch Insurance Group, Inc.

7           **IN THE UNITED STATES DISTRICT COURT OF OREGON**

8                 **FOR THE DISTRICT OF OREGON**

9

10  ARCH INSURANCE GROUP, INC., a
     Delaware Corporation,

     Case No. **CV '10 - 801 . AA**

11                Plaintiff,

     **COMPLAINT (Declaratory Relief and**
     **Breach of Contract)**

12          v.

     Claim More than $75,000

13  TRAVELERS PROPERTY CASUALTY
     CO., a Connecticut corporation,

14

                Defendant.

15

16

17      Plaintiff Arch Insurance Group, Inc. ("Arch" or "Plaintiff") alleges as follows:

18                     1.

19      Arch is a Delaware corporation engaged in the business of insurance with its principal

20  place of business in the State of New York.

21                     2.

22      Defendant Travelers Property Casualty Co. ("Travelers" or "Defendant") is a Connecticut

23  corporation engaged in the business of insurance with its principal place of business in the State

24  of Connecticut.

25

26

Page 1 –COMPLAINT

#34576

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Jurisdiction**

3.

This action is for breach of contract and for a declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties. Jurisdiction is based on the diversity of citizenship between the parties. Arch and Travelers are corporations of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

**Venue**

4.

Venue is proper in this court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**Facts Common to Claims**

5.

During 2007, Turner Construction ("Turner") was the general contractor on a construction project at Sacred Heart Hospital in Eugene, Oregon. Long Painting, an Oregon corporation, was the painting subcontractor for the project. 2G Inc. ("2G"), an Oregon corporation doing business as 2G Construction, was a subcontractor on the same project performing rough carpentry services.

6.

Prior to performing services for the project, 2G entered into a written contract with Turner detailing the specifics of 2G's scope of work and other agreement provisions between the parties. A provision included in the agreement required 2G to indemnify Turner against bodily injuries caused by its work. 2G also had to maintain liability insurance on Turner's behalf as an additional insured during the course of performance of 2G's contract. A true copy of the agreement between Turner and 2G is attached hereto as Exhibit A and incorporated herein by reference.

Page 2 –COMPLAINT

1                                                7.

2          Pursuant to the contract requirements, 2G caused its insurer, Travelers, to issue a

3   certificate of insurance verifying Turner as an additional insured under 2G's liability insurance

4   policy.  A true copy of the certificate is attached hereto as Exhibit B, and incorporated herein by

5   reference.

6                                                8.

7          On or about April 7, 2007, Duane Strickland ("Strickland"), while working in the course

8   and scope of his employment with 2G, suffered injuries when moving stacked doors previously

9   painted by Long Painting.

10                                               9.

11         In March, 2008, Strickland filed suit against Turner and Long Painting in the Multnomah

12  County Circuit Court, Case No. 0803-04830, seeking damages from Turner and Long Painting

13  alleging his injuries from their negligence.  A copy of the complaint filed against Turner is

14  attached hereto as Exhibit C, and incorporated herein by reference.

15                                               10.

16         After being served with summons and complaint in Strickland's lawsuit, Turner tendered

17  its defense in the action to Travelers and Arch.  Arch, Long Painting's insurer, accepted the

18  tender and defended the case on Turner's behalf based on the additional insured provision.

19                                               11.

20         Travelers' declined to defend Turner.  It stated that the additional insured coverage issued

21  to Turner under 2G's policy provided no coverage to Turner because such coverage was

22  prohibited under the terms of an Oregon statute, ORS 30.140(1) and (2):

23

24

25

26

Page 3 –COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

1    (1)    Except to the extent provided under subsection (2) of this section, any provision in a construction agreement that requires a person or that person's surety or insurer to indemnify another against liability for damage arising out of death or bodily injury to persons or damage to property caused in whole or in part by the negligence of the indemnitee is void.

4    (2)    This section does not affect any provision in a construction agreement that requires a person or that person's surety or insurer to indemnify another against liability for damage arising out of death or bodily injury to persons or damage to property to the extent that the death or bodily injury to persons or damage to property arises out of the fault of the indemnitor, or the fault of the indemnitor's agents, representatives or subcontractors.

**First Claim for Relief: Declaratory Judgment**

12.

Arch incorporates Paragraphs 1-11 as fully set forth herein.

13.

An actual controversy exists between the parties regarding Travelers' duty to defend Turner in the Strickland lawsuit under the terms of the policy issued to 2G, and regarding the effect, if any, of ORS 30.140 on that duty. Travelers' refusal to accept the tender and defend Turner caused all defense costs and settlement on behalf of Turner to be assigned to Arch. This court is empowered to declare the rights of the parties pursuant to 28 USC § 2201.

14.

Arch is entitled to a declaration by this court:

1.    That Travelers' was obligated, under its insurance policy issued to 2G to participate in the defense of the Strickland lawsuit on Turner's behalf, with Arch, pursuant to the additional insured provision.

2.    Travelers had a duty to accept the duty to defend Turner as an additional insured until the lawsuit was resolved, and that this duty is not abrogated by the provisions of ORS 30.140;

3.    That the settlement entered into by Arch on behalf of Turner was reasonable under the circumstances and Travelers was required, under the

Page 4 –COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

1    insurance policy it issued to 2G, to participate in funding the settlement to

2    Strickland along with Arch.

3    4.    Granting Arch not less than $399,198, or another sum proved at the time

4    judgment is entered, in supplemental relief by way of reimbursement of

5    Arch's defense costs and participation in the settlement fully incurred by

6    Arch.  This includes interest on such sum from the time each was incurred

7    until repayment.

8
### Second Claim for Relief: Breach of Contract
9
16.    15.

10
Arch incorporates Paragraphs 1-14 as fully set forth herein.
11
16.
12
Travelers' duty to defend Turner was not negated by the terms of ORS 30.140.
13
Therefore, Travelers breached its contract with Turner when it refused to defend Turner in the
14
Strickland lawsuit per its contractual requirement.
15
17.
16
As a result of Travelers' breach, Arch on behalf of Turner incurred defense costs of
17
not less than $49,098, including costs and attorney fees.  Arch is entitled to recover its defense
18
costs with interest from the time incurred until they are repaid.
19
18.
20
Additionally, Arch, Turner and Long Painting entered into a reasonable settlement with
21
Strickland and obtained a release of liability in exchange.  Arch's share of the
22
settlement payment on behalf of Turner was $350,000.  Arch is entitled to recover this sum as
23
damages together with prejudgment interest on the amounts from the date the sum was incurred
24
until it is repaid.
25

26

Page 5 –COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

19.

Arch is entitled to recover its reasonable attorney fees herein pursuant to ORS 742.061.

WHEREFORE, Arch prays for judgment:

    1.    Awarding Arch damages in the sum of not less than $399,198, or such other sum as may be proved at trial herein, together with interest thereon at the legal rate from the time each defense cost was incurred by Arch until such sum is paid;

    2.    Declaring Turner's rights with respect to Travelers' insurance policy, and awarding Arch supplemental relief accordingly paid on behalf of Turner, as alleged in paragraphs 14(3) and 17 above;

    3.    Its costs and disbursements herein;

    4.    Awarding Arch its reasonable attorney fees pursuant to ORS 742.061;

    5.    And any relief the Court deems just and equitable.

DATED this 7 day of July, 2010.

KILMER, VOORHEES & LAURICK, P.C.


Jennifer K. Grossman
OSB # 041914
(503) 224-0055
Of Attorneys for Plaintiff Arch Insurance Group, Inc.
I:\9600\001\Pleadings\JKG Complaint.doc

Page 6 –COMPLAINT

KILMER, VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290